IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA KEZIAH,<br>    **Plaintiff,** | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-3793 |
| JOSEPH TERRA, *et al.*,<br>    **Defendants.** | :<br>:<br>: |

<u>**MEMORANDUM**</u>

**BEETLESTONE, J.**                                                                                           **OCTOBER 15 , 2025**

Plaintiff Joshua Keziah, a convicted prisoner currently incarcerated at SCI Huntingdon, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights that allegedly occurred while he was housed at SCI Phoenix and that arose from the delay of his wedding. Currently before the Court is Keziah's Complaint ("Compl." (ECF No. 2)), in which he asserts claims against the following individuals, all of whom are alleged to be SCI Phoenix employees: Superintendent Joseph Terra, Superintendent Assistant Christine Owens, and Major Wychunis. (Compl. at 2-3.) Keziah asserts both individual and official capacity claims against the Defendants. (*Id.*) Also pending is Kezia's Motion for Leave to Proceed *In Forma Pauperis* and Prisoner Trust Fund Account Statement. (ECF Nos. 1, 3.) For the following reasons, the Court will grant Kezia leave to proceed *in forma pauperis*. The claims against Wychunis based upon his participation in the grievance process and Keziah's request for transfer to SCI Camp Hill will be dismissed with prejudice. The Court will dismiss the remainder of his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to comply with Rule 8. Keziah will be granted leave to file an amended complaint.

I.       **FACTUAL ALLEGATIONS**[1]

Keziah completed the Court's form Prisoner Complaint for Violation of Civil Rights. (Compl. at 1-10.)  He filed this form along with several typewritten pages that include legal authority apparently intended to support his claims (*id*. at 11-20), copies of pages from the Pennsylvania Department of Corrections Procedures Manual addressing marriage by inmates (*id*. at 21-30), a completed Inmate Request to Staff Member dated September 9, 2024 reflecting Keziah's efforts to obtain a marriage license and the response thereto (*id*. at 31), and documents reflecting responses to Keziah's grievances related to the delay of his wedding (*id*. at 32-43).  The Court considers the entire submission to constitute Keziah's Complaint.

The allegations in Keziah's Complaint are brief.  He alleges that his wedding was delayed while he was temporarily housed in the RHU between November 5 and November 7, 2024.[2]  (Compl. at 4.)  At that time, Defendant Terra transferred Keziah to the RHU to separate him from another inmate.  (*Id*.)  The transfer allegedly caused Defendants Terra and Owens to cancel Keziah's scheduled wedding.[3]  (*Id*.)

---

[1] The factual allegations set forth in this Memorandum are taken from Keziah's Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Keziah's pleading will be corrected for clarity.

[2] The Court understands this acronym to refer to a "Restricted Housing Unit."

[3] While the Court has reviewed the attachments to the Complaint, a plaintiff may not state a claim by relying solely on exhibits.  *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

Nonetheless, the Court notes that the materials attached to the form Complaint provide more background.  In a grievance filed on November 9, 2024, Keziah stated that on November 8,

Keziah claims that as a result of the Defendants' conduct, he has incurred economic losses associated with funds already paid for the aborted wedding and has experienced emotional distress. (*Id*. at 4.) He asserts a Fourteenth Amendment due process claim, an equal protection claim, and a First Amendment claim for violation of his right to freely exercise his religion. (*Id*. at 3.) As relief, he demands that the Department of Corrections pay for his marriage license and promptly provide a chaplain to perform the delayed marriage ceremony. (*Id*. at 4.) He also requests a permanent transfer to SCI Camp Hill so that he can be closer to his fiancée,[4] and a three-hour conjugal visit following his wedding. (*Id*.)

---

Rabbi Bauers told him that he was aware that Keziah's wedding would not take place as scheduled at least a week prior to the date of the event. (*Id*. at 37.) In his grievance, Keziah claimed that the predetermined cancellation of his wedding was accomplished in retaliation for a grievance he filed against Ms. Fanrak. (*Id*.) Keziah does not assert a retaliation claim in his Complaint. (*See* Compl.)

In his Response to Keziah's appeal of Wychunis's denial of a different grievance, Terra acknowledged that Keziah was not permitted to get married as scheduled because he was, at the time, housed in the RHU. (*Id*.at 32.) Terra explained that the DOC Procedures Manual require the facility manager to deny a marriage request if "there are other legitimate penological interests that warrant the denial of a marriage for a period." (*Id*.) Terra noted that Kezia had requested to be placed in lock-up as he feared for his life because of another inmate, and agreed to protective custody, and that the placement, and resulting housing classification, had prevented his wedding from taking place. (*Id*.) Terra upheld the denial of Keziah's grievance. (*Id*.) None of this information, however, is alleged in the Complaint.

[4] This request will be denied because it is well-settled that prisoners have no inherent constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *Lane v. Tavares*, No. 14-991, 2016 WL 7165750, at *16 (M.D. Pa. July 12, 2016) (same).

3

## II. STANDARD OF REVIEW

The Court will grant Keziah leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Keziah is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.;* s*ee also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to

---

[5] Because Keziah is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

act as an advocate to identify any possible claim that the facts alleged could potentially support."). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to

determine the issue.") (quotations omitted).  In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.  DISCUSSION

Keziah asserts claims based on alleged violations of his constitutional rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

Keziah's only factual allegations are that Terra transferred him to the RHU to protect him from another inmate, and that Terra and Owens thereafter cancelled his wedding.[6]  (*See* Compl.)

---

[6] Keziah does not include any factual allegations in the body of his Complaint describing Wychunis's involvement in the alleged constitutional violations he describes.  However, an attachment to the Complaint makes clear that Wychunis denied a grievance Keziah filed when his wedding was cancelled.  (*See* Compl. at 32.)  To the extent Keziah bases his claim against Wychunis on his participation in the grievance process, the claim is not plausible.  Claims based on the handling of prison grievances fail because "prisoners do not have a constitutional right to prison grievance procedures." *Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021) (*per*

He asserts a Fourteenth Amendment due process claim but does not explain what process he was due that was denied to him.  He asserts a First Amendment claim based on his right to practice his religion freely but does not identify the religious beliefs or practices allegedly impaired.  He asserts an equal protection claim but does not allege that the Defendants acted with the intent or purpose to discriminate against him.  Although documents attached to his Complaint refer to possible retaliation based on his filing of a grievance, the Complaint does not appear to include a retaliation claim.  *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (citing *Laborers' Int'l Union of N. Am.,*

---

*curiam*) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (*per curiam*)).  Accordingly, alleged mishandling or improper response to a grievance does not give rise to a constitutional claim.  *See Williams v. Armstrong*, 566 F. App'x 106, 109 (3d Cir. 2014) (*per curiam*) ("any allegations of improprieties in the handling of his grievance" do not raise constitutional concerns and do "not state a cognizable claim under § 1983."); *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("We agree with the District Court that because a prisoner has no free-standing constitutional right to an effective grievance process, Woods cannot maintain a constitutional claim against Lucas based upon his perception that she ignored and/or failed to properly investigate his grievances." (internal citation omitted)); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (*per curiam*) (explaining that "[i]nmates do not have a constitutionally protected right to the prison grievance process" and that "a state grievance procedure does not confer any substantive constitutional right upon prison inmates" (internal quotations and citations omitted)).

Moreover, a prison official's involvement in the grievance process, alone, is not sufficient to show personal involvement in the underlying events.  *See Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants [Superintendent] Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances – lacked the requisite personal involvement [in the conduct at issue].").

Keziah's claim against Wychunis, which appears to be based on Wychunis's participation in the grievance process, is not plausible and will be dismissed.  As Keziah will be granted leave to file an amended complaint, he may include claims against Wychunis, if any, that are based on conduct other than his participation in the grievance process.

7

*AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other."); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018). Keziah also does not address whether he remains on the RHU and if so why, whether he remains engaged to be married, whether permission to marry was revoked, and if not, why his wedding has not yet taken place.

As noted, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle*, 2022 WL 16958896, at *1. Keziah's Complaint, as pled, does not meet this standard and will be dismissed. Keziah will be granted leave to file an amended complaint to "flesh out his allegations by . . . explaining in [the second] amended complaint the 'who, what, where, when and why' of his claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).) In other words, the amended complaint should contain a narrative description of all of the facts and events underlying Keziah's claims explaining how a named Defendant was personally involved in the violation of his constitutional rights.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Kezia leave to proceed *in forma pauperis*. The claims against Wychunis based upon his participation in the grievance process and Keziah's request for transfer to SCI Camp Hill will be dismissed with prejudice. The Court will dismiss

the remainder of his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to comply with Rule 8.  Keziah will be granted leave to file an amended complaint.

An appropriate Order follows.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**