## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA KEZIAH, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-3793 |
| | : | |
| JOSEPH TERRA, *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 27th day of April, 2026, upon consideration of Plaintiff Joshua Keziah's

and his *pro se* Amended Complaint (ECF No. 9), it is **ORDERED** that:

1.     The following claims are **DISMISSED WITH PREJUDICE** for failure to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's

Memorandum:

a.     Claims based on the Defendants' handling of grievances or efforts to

interfere with the grievance process;

b.     Claims based on the Defendants' failure to adhere to Department of

Corrections policies;

c.     Keziah's First Amendment retaliation claims;

d.     Keziah's Eighth Amendment claims; and

e.     Keziah's request to be transferred to a different correctional facility.

2.     The remainder of the Amended Complaint is **DISMISSED WITHOUT**

**PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the

reasons stated in the Court's Memorandum.

3.    Keziah may file a second amended complaint within thirty (30) days of the date of this Order addressing his First Amendment retaliatory transfer claims, his First Amendment interference with religious freedom claims, and his Fourteenth Amendment due process claims only.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Keziah's claims against each defendant.  The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case to state a claim.  When drafting his second amended complaint, Keziah should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.  **Keziah should not include in his second amended complaint any claim that the Court has already dismissed with prejudice.  Keziah should limit his second amended complaint to the claims listed above, specifically, his First Amendment retaliatory transfer claims, his First Amendment interference with religious freedom claims, and his Fourteenth Amendment due process claims.**  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4.    The Clerk of Court is **DIRECTED** to send Keziah a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Kezian may use this form to file his second amended complaint if he chooses to do so.

5.    If Kezia does not wish to file a second amended complaint, and instead intends to stand on his Amended Complaint as pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall

include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.    If Keziah fails to file any response to this Order, the Court will conclude that Keziah intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

3

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**